| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| ROBERT H. CLARK, JR., | § |
| | § |
| Movant, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 1:07-CV-505 |
| | § |
| UNITED STATES OF AMERICA, | § |
| | § |
| Respondent. | § |

## MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Robert H. Clark, Jr., a federal prisoner, proceeding *pro se,* filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends denying the motion.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. Movant pleaded guilty without a plea agreement. Citing *Buckley v. Terhune*, 441 F.3d 688 (9th Cir. 2006), movant contends that the factual basis and stipulation that he signed constituted a written plea agreement with the government. In *Buckley*, the deputy

district attorney sent the defendant's attorney a letter offering a plea bargain. *Buckley*, 441 F.3d at 691. The letter set forth the terms of the plea agreement, but was silent as to the sentence the defendant would receive. *Id.* Attached to the letter was a felony disposition statement that limited the defendant's sentence exposure to fifteen years. *Id*. Applying California contract law, the Ninth Circuit found that the felony disposition statement was part of the written plea agreement. *Id*. at 698.

Movant's argument lacks merit because the factual basis and stipulation he signed was not part of a plea agreement with the government. By signing the document, movant agreed that certain facts were true, and that the government could prove the truth of other facts even if movant had no knowledge of those facts. The factual basis and stipulation did not limit movant's responsibility for the conspiracy to the facts he agreed were true.

Furthermore, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d

299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Id.* at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certification of appealability. Accordingly, a certificate of appealability shall not be issued.

## ORDER

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability shall not be issued.

SIGNED at Beaumont, Texas, this 6th day of February, 2010.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE